Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000350
14-DEC-2017
11:44 AM

NO. CAAP-17-0000350

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LUKE BAYLOR JENKINS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTA-16-03453)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Luke Baylor Jenkins (Jenkins) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 17, 2017 by the District Court of the First Circuit, Honolulu Division (District Court).[1]

Jenkins was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).[2]

On appeal, Jenkins contends his right to due process was violated because (1) he was not informed of the nature of the

---

[1] The Honorable Linda K. Luke presided.

[2] HRS § 291E-61(a) states:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

charge when the Complaint failed to state the definition of vehicle or moped, and (2) the District Court erred by denying his motion for judgment of acquittal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jenkins's points of error as follows:

1. Jenkins's claim that his due process right[3] was violated because he was not informed of the nature of the charge when the Complaint failed to state the definition of "vehicle" or "moped" is without merit. "Whether a charge sets forth all the essential elements of a charged offense . . . is a question of law, which we review under the de novo, or right/wrong, standard." State v. Mita, 124 Hawai'i 385, 389, 245 P.3d 458, 462 (2010) (citation, internal quotation marks, and brackets omitted). "Article I, section 14 of the Hawai'i Constitution provides in relevant part that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation.'" State v. Hitchcock, 123 Hawai'i 369, 377, 235 P.3d 365, 373 (2010). Jenkins was charged by Complaint with OVUII and then orally charged immediately prior to the start of trial. Jenkins stated that he understood the charge.

In arguing in favor of the motion for judgment of acquittal, Jenkins's counsel stated, "[a]nd additionally, it is not -- the definition of "moped" or "vehicle" is not alleged in the complaint." However, counsel did not argue that Jenkins's due process right was violated or that he was not informed of the nature of the charge. Rather, it appears that counsel's statement was merely in support of his argument that there was no evidence that Jenkins operated a moped. Only on appeal does Jenkins specifically claim that his due process right was violated because he was not informed of the nature of the charge.

---

[3] Article I, section 5 of the Hawai'i Constitution provides in relevant part:

Section 5. No person shall be deprived of life, liberty or property without due process of law[.]

2

Thus, Jenkins did not challenge the sufficiency of the charge until after the State rested its case. Because Jenkins challenges the sufficiency of the complaint for the first time on appeal, we apply the liberal construction rule:

> Under the Motta/Wells post-conviction liberal construction rule, we liberally construe charges challenged for the first time on appeal. Under this approach, there is a presumption of validity for charges challenged subsequent to a conviction. In those circumstances, this court will not reverse a conviction based upon a defective indictment or complaint unless the defendant can show prejudice or that the indictment or complaint cannot within reason be construed to charge a crime.

State v. Wheeler, 121 Hawai'i 383, 399-400, 219 P.3d 1170, 1186-87 (2009) (citations, internal quotation marks, and brackets omitted).

Here, the charge[4] tracked the language of the OVUII statute and uses the term "vehicle" to describe what Jenkins operated when he was alleged to have violated HRS § 291E-61. "Vehicle" is defined, in Chapter 291E as a "motor vehicle," "moped," or a "vessel." HRS § 291E-1 (2007). HRS § 291E-1 adopts the definitions contained in HRS § 291C-1 (2007) for both "Motor vehicle" and "Moped" but explicitly includes mopeds as a motor vehicle. HRS § 291E-1. Thus, as used in HRS Chapter 291E,

---

[4]     The Complaint read as follows:

On or about September 14, 2016, in the City and County of Honolulu, State of Hawai'i, LUKE BAYLOR JENKINS did intentionally, knowingly or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) and/or (a)(4) of the Hawai'i Revised Statutes. LUKE BAYLOR JENKINS is subject to sentencing in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes as a first offender.

The oral charge, stated on the day of trial, is similar in that it does not define "vehicle" or "moped."

> "Motor vehicle" means every vehicle which is self-propelled
> and every vehicle which is propelled by electric power but
> not operated upon rails[.]

HRS § 291C-1.

We disagree with Jenkins's claim that "moped" needs to be defined in the charge because "vehicle" is the relevant term. The statutory definition of vehicle does not create an additional element of the offense charged and provides the person of common understanding fair notice of what is being charged. Mita, 124 Hawai'i at 391-92, 245 P.3d at 464-65. Moreover, this court has stated that,

> in determining whether the accused's right to be informed of
> the nature and cause of the accusation against him [or her]
> has been violated, we must look to all of the information
> supplied to him [or her] by the State to the point where the
> court passes upon the contention that the right has been
> violated.

Hitchcock, 123 Hawai'i at 379, 235 P.3d at 375 (quoting State v. Israel, 78 Hawai'i 66, 70, 890 P.2d 303, 307 (1995)). Here, during the State's case at trial, Jenkins was fully informed of the vehicle that he was accused of operating at the time of the offense. Jenkins's right to due process was not violated by the language of the Complaint.

2. There was substantial evidence supporting Jenkins's conviction for OVUII. Jenkins claims the District Court erred by denying his motion for judgment of acquittal based on his argument the State failed to prove that he was operating a vehicle, as defined by HRS § 291E-1. When the evidence is viewed in the light most favorable to the prosecution, a reasonable mind might fairly conclude, State v. Hicks, 113 Hawai'i 60, 69, 148 P.3d 493, 502 (2006) (quoting State v. Maldonado, 108 Hawai'i 436, 442, 121 P.3d 901, 907 (2005)), that Jenkins was guilty beyond a reasonable doubt because he operated a vehicle within the meaning of HRS § 291E-1.

Rosalyn Ardoin (Ardoin) testified that on September 14, 2016, she saw Jenkins driving a moped that collided with her van. Ardoin stated that the moped was running, that the engine was on and running after the accident, and she saw keys in the ignition. Jenkins also told her, when she asked about insurance, "that the

4

moped wasn't his."  Mark Ching testified that on September 14, 2016, he saw Jenkins run a stop sign, drive in front of a white van, and get struck by the van.  When the evidence is viewed in the light most favorable to the prosecution, Jenkins operated a vehicle that was self-propelled.  Therefore, the District Court did not err by denying Jenkins's motion for judgment of acquittal.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on March 17, 2017 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, December 14, 2017.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Presiding Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

5